**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Ann Gomez,<br><br>                    Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>                    Defendant. | No. CV-13-01273-PHX-DGC<br><br>**ORDER** |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Carol Ann Gomez seeks judicial review of the Commissioner's decision finding her not disabled within the meaning of the Social Security Act. Doc. 15. For the reasons that follow, the Court will remand the case for an award of benefits.

**I.   Background.**

Plaintiff applied for disability and supplemental security insurance benefits on October 12, 2010, alleging disability beginning March 30, 2010. Doc. 18 at 1. After a hearing on March 15, 2012 (A.R. 26-70), an administrative law judge ("ALJ") issued an opinion on June 8, 2012, finding Plaintiff not disabled (A.R. 11-25). Plaintiff's request for review was denied by the Appeals Council and the ALJ's opinion became the Commissioner's final decision. Doc. 18 at 2.

**II.   Legal Standard.**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court

may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

### A. Five-Step Sequential Evaluation.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the

claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act and that she has not engaged in substantial gainful activity since March 30, 2010. At step two, the ALJ found that Plaintiff has the severe impairments of obesity, hypertension with renal involvement, stage III chronic kidney disease, fibromyalgia, a pain disorder, dysthymic disorder, and generalized anxiety disorder. At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. At step four, the ALJ found that Plaintiff "has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), except for no more than occasional climbing, stooping, kneeling, crouching, and crawling; no exposure to dangerous machinery and unprotected heights; and relatively few workplace changes." At step five, the ALJ concluded that Plaintiff is capable of performing her past relevant work as a legal clerk and data entry clerk because this work does not require the performance of work-related activities precluded by Plaintiff's RFC.

**III. Analysis.**

The only issue for review asserted at the outset of Plaintiff's brief is that the ALJ's decision is not supported by substantial evidence. Doc. 15 at 1. The Court, however, is only required to review those issues raised by the parties, s*ee Lewis*, 236 F.3d at 517 n.13, and simply asserting that the ALJ's decision is not supported by substantial evidence does not raise a specific issue for review.

Plaintiff does raise specific issues later in her brief. First, she argues that the ALJ erred in rejecting the opinion of Dr. Prieve, an examining physician. Doc. 15 at 15. Next, she argues that the ALJ incorrectly classified Plaintiff's work as a legal clerk as "substantial gainful activity." *Id.* at 17. Finally, she argues that the ALJ erred in her assessment of Plaintiff's subjective testimony. *Id.* at 19. Because the Court finds that the

ALJ improperly weighed the medical evidence, it need not consider Plaintiff's other arguments.

### A. Weighing of Medical Source Evidence.

#### 1. Legal Standard.

The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to one of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (listing factors to be considered when evaluating opinion evidence, including length of examining or treating relationship, frequency of examination, consistency with the record, and support from objective evidence). If it is not contradicted by another doctor's opinion, the opinion of a treating or examining physician can be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). A contradicted opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043).

An ALJ can meet the "specific and legitimate reasons" standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986). But "[t]he ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22.

The Commissioner is responsible for determining whether a claimant meets the statutory definition of disability and does not give significance to a statement by a medical source that the claimant is "disabled" or "unable to work." 20 C.F.R. § 416.927(d).

**2.     Dr. Prieve.**

Dr. Prieve examined Plaintiff on February 8, 2011.  A.R. 572-77.  Because Dr. Prieve is an examining physician, the ALJ was required to provide either "clear and convincing" or "specific and legitimate" reasons for discounting his opinion.

The ALJ's opinion states that she gave "little weight to the opinion of Dr. Prieve, except with regard to his documentation about what medications that the [Plaintiff] has been taking."  A.R. 19.  She notes that Dr. Prieve assessed the following limitations: (1) Plaintiff was limited to stand or walk for at least 2 hours but less than 6 hours in an 8-hour workday; (2) she could sit between 6 and 8 hours in an 8-hour workday; (3) she could lift or carry 10 pounds frequently and 20 pounds occasionally; (4) she could occasionally climb, stoop, kneel, crouch, crawl, handle, finger, and feel; and (5) she should avoid working at heights.  A.R. 19.

The ALJ provides no discussion of her reasons for giving little weight to Dr. Prieve's opinion.  Although the ALJ's RFC assessment appears to be fairly consistent with most of Dr. Prieve's assessed limitations, the ALJ provides no discussion of why she did not include Dr. Prieve's opinion that Plaintiff could only "occasionally" handle, finger, or feel.  A.R. 576.  The ALJ sets out no conflicting clinical evidence and provides no interpretation of either Dr. Prieve's opinion or any conflicting clinical evidence.  The only other medical opinion discussed in the ALJ's opinion is that of Dr. Tracy Ristich, a psychologist, and the discussion of that opinion focuses only on Plaintiff's cognitive impairments.  A.R. 19-20.

Defendant's brief identifies evidence that could support the ALJ's rejection of Dr. Prieve's opinion (Doc. 18 at 4-5), but the Court is limited to considering the reasoning and factual findings set forth by the ALJ.  *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225-26 ("Long standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator might have been thinking.") (internal citation omitted).  The Court need not decide whether the ALJ was required to

1 provide "clear and convincing" or "specific and legitimate" reasons for rejecting Dr. Prieve's opinion because the ALJ provided *no* reasons for rejecting portions of Dr. Prieve's opinion. This does not meet the standard required by the Ninth Circuit and constitutes legal error. *See Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043). Because the Court concludes that the ALJ erred in rejecting the opinion of Dr. Prieve, Defendant's decision must be vacated.

### B.  Remand.

Having decided to vacate Defendant's decision, the Court has the discretion to remand the case for further development of the record or for an award benefits. *See Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998). In *Smolen*, the Ninth Circuit held that evidence should be credited and an action remanded for an immediate award of benefits when the following three factors are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. 80 F.3d 1273, 1292 (9th Cir. 1996).

At the hearing before the ALJ on Plaintiff's claim, the vocational expert ("VE") was not specifically asked to respond to a hypothetical based on Dr. Prieve's opinion. The ALJ did ask the VE a hypothetical based on the RFC she ultimately adopted in this case: an individual who could perform light work as defined in 20 C.F.R. § 404.1567(b), except for no more than occasional climbing, stooping, kneeling, crouching, and crawling; no exposure to dangerous machinery and unprotected heights; and relatively few workplace changes. A.R. 53-54. The VE responded that such a hypothetical person would be capable of performing Plaintiff's past relevant work as a legal and data entry clerk. A.R. 54.

Plaintiff's attorney later asked the VE whether an individual that is "only able to occasionally perform the functions of handling, fingering, and feeling" would be able to do "the skilled part of a receptionist job" or "the skilled part of [an] information clerk

job." A.R. 67-68. The VE responded in the negative to both questions, noting that "[y]ou need to have frequent reaching, handling, fingering" for a receptionist job, and that "if you were down at occasional on the handling, fingering, reaching, you're not going to be able to do probably many, any jobs within the clerical field." A.R. 67-68. This testimony makes clear that if Dr. Prieve's assessed limitations of occasional handling, fingering, and feeling were credited as true, an award of benefits would be required. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) ("[T]he district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if . . . it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited."); *see also Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

The overwhelming authority in this Circuit makes clear that the "credit as true" doctrine is mandatory. *See Lester*, 81 F.3d at 834; *Smolen*, 80 F.3d at 1292; *Reddick*, 157 F.3d at 729; *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 926 (9th Cir. 2002); *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Benecke*, 379 F.3d at 593-95; *Orn*, 495 F.3d at 640; *Lingenfelter v. Astrue*, 504 F.3d. at 1041 ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits[.]").[1] Applying these cases, the Court concludes that the improperly rejected opinion of Dr. Prieve must be credited as true and, when credited as true and combined with the VE's opinion, requires an award of benefits.

**IT IS ORDERED:**

1. This case is **remanded** for an award of benefits.

---

[1] This Court disagrees with the Ninth Circuit's credit as true doctrine. The Court is bound, nonetheless, to follow Ninth Circuit precedent.

- 7 -

2.   The Clerk is directed to enter judgment and **terminate** this action.

Dated this 8th day of July, 2014.

_____
David G. Campbell
United States District Judge